USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/26/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x
In re:                                                      :
                                                            :        **Chapter 11**
HOTI ENTERPRISES, L.P. and                                  :
HOTI REALTY MANAGEMENT CO., INC.,                           :        **Lead Case No. 10-24129 (RDD)**
                                                            :
                Debtors.                                    :
                                                            :
————————————————————————                                    :
                                                            :
VICTOR DEDVUKAJ,                                            :
                                                            :
                Non-Party Appellant,                        :
                                                            :        **OPINION AND ORDER**
                v.                                           :
                                                            :        **13 Civ. 3638 (ER)**
GECMC 2007 C-1 BURNETT STREET, LLC,                         :
                                                            :
                Appellee.                                    :
                                                            :
————————————————————————x

Ramos, D.J.:

      Victor Dedvukaj, a non-party appellant ("Dedvukaj"), appeals from an order of the

United States Bankruptcy Court for the Southern District of New York (the "Payment Order")

directing him and the debtors below, Hoti Enterprises, L.P. and Hoti Realty Management Co.,

Inc. (collectively, the "Debtors"),[1] to pay $256,774.69 to appellee GECMC 2007 C-1 Burnett

Street, LLC ("GECMC").  Doc. 1.[2]  The Payment Order was issued after Dedvukaj and the

Debtors were found by the Bankruptcy Court to have violated the terms of the order confirming

the Chapter 11 Plan of Reorganization (the "Confirmation Order"), Bankr. Doc. 243, and two

subsequent contempt orders.  Bankr. Doc. 397 (Payment Order) at ¶ 2.  For the reasons set forth

---

[1] Dedvukaj is a 10% limited partner of Hoti Enterprises, LP and president of Hoti Realty Management Co., Inc.

[2] References to "Doc." refer to documents filed in the instant appeal.  References to "Bankr. Doc." refer to documents filed in the underlying bankruptcy proceeding, *In Re Hoti Enterprises, LP and Hoti Realty Management Co, Inc.*, Lead Case No. 10-24129 (RDD).

Copies Mailed
Chambers of Edgardo Ramos

below, the Payment Order is AFFIRMED as to Dedvukaj.[3]

## I.  Facts

The facts and procedural history of this matter are extensively detailed in an opinion issued on Apri1 26, 2013 by the Honorable Vincent Briccetti of this Court in connection with related appeals from five orders of the bankruptcy court.  *See Hoti Enterprises, L.P. and Hoti Realty Management Co., Inc. v. GECMC 2007 C-1 Burnett Street, LLC*, Nos. 12 Civ. 8030 (VB), 12 Civ. 8757 (VB), 12 Civ. 8758 (VB), 12 Civ. 8759 (VB), 13 Civ. 0235 (VB), 2013 WL 1812197 (S.D.N.Y. April 26, 2013).  Familiarity with the same are therefore presumed, and the Court will refer only to those facts necessary to the resolution of the instant appeal.

As detailed in Judge Briccetti's opinion, Debtors were the owners of a residential apartment complex located at 2801 Fillmore Avenue, 3001 Avenue R, and 2719 Fillmore Avenue, Brooklyn, New York (the "Property").  *Hoti Enterprises, L.P.*, 2013 WL 1812197, at *1.  In November 2008, nearly two years before the Debtors petitioned for bankruptcy relief, GECMC alleged that the Debtors defaulted on their $31 million loan, and in February 2009, commenced an action to foreclose on the Property in New York Supreme Court, Kings County. *Id.* at *2.  On October 12, 2010, the Debtors filed voluntary petitions for relief under Chapter 11 in the bankruptcy court, and the state foreclosure and bankruptcy actions subsequently proceeded on parallel tracks.  *Id.*

Approximately two months after the commencement of the bankruptcy action, on December 22, 2010, the bankruptcy court entered an order approving a stipulation between the Debtors and GECMC authorizing the limited use of GECMC's cash collateral, i.e., the rents collected from the Property, during the Debtors' Chapter  11 proceeding (the "Cash Collateral

---

[3] By Order dated August 23, 2013, the Court dismissed Hoti Enterprises, LP and Hoti Realty Management Co., Inc. from the instant appeal.  Doc. 10.

Order").  Bankr. Doc. 43.  The Cash Collateral Order was "necessary because all rents and proceeds generated from the Property were subject to GECMC's security interests and, under applicable bankruptcy law, could not be used to operate the Property or fund the costs and expenses of the Debtors' chapter 11 cases without such an agreement and order."  Appellee's Br. Opp. (Doc. 12) at 6.  As relevant to this appeal, the Cash Collateral Order also provided a 90-day window during which the Debtors could commence an adversary proceeding contesting the validity, enforceability or priority of GECMC's claim.  Bankr. Doc. 43 at ¶ 7.  Pursuant to the terms of the Cash Collateral Order, the failure to contest GECMC's claim during that time period would be deemed an acknowledgement by the Debtors that GECMC holds a valid, first priority, perfected and enforceable lien and security interest in the Property.  *Id.* at ¶ 3.  It is undisputed that the Debtors did not challenge GECMC's claim during the 90-day period.  *Hoti Enterprises, L.P.*, 2013 WL 1812197, at *2.

On June 19, 2012, after a hearing and ruling on the Debtors' objections thereto, the bankruptcy court entered the Confirmation Order.[4]  Bankr. Doc. 243.  Among other things, the Confirmation Order (1) directed that the Property be transferred to GECMC; (2) directed the Debtors and their principals, including Dedvukaj, to take all actions necessary to cause the Property to be transferred to GECMC; (3) directed the Office of the New York City Register (the "City Register") to record the deed transferring the Property to GECMC; and (4) enjoined the Debtors and their principals, including Dedvukaj, from taking any actions to interfere with the transfer of the Property to GECMC.  *Id.* at ¶¶ 8, 22.  Notwithstanding the foregoing, on July 13, 2012, the day after the bankruptcy court denied the Debtors' motion for reconsideration of the Confirmation Order, Dedvukaj and the Debtors sought an *ex parte* temporary restraining

---

[4] Debtors appealed the Confirmation Order, as well as the bankruptcy court's subsequent denial of their motion for reconsideration of the Confirmation Order.  Judge Briccetti affirmed both of the bankruptcy court's orders.  *Hoti Enterprises, L.P.*, 2013 WL 1812197, at *9-*13.

order ("TRO") from the state court enjoining the City Register from recording the deed to the Property.  *Hoti Enterprises, L.P.*, 2013 WL 1812197, at *7.  Dedvukaj personally submitted an affidavit in support of the application.  Bankr. Doc. 288, Ex. C.  The application was granted, and the City Register was enjoined from recording the deed transferring the Property to GECMC.  *Id.*

GECMC then moved the bankruptcy court to compel the Debtors to comply with the Confirmation Order and for sanctions.  The bankruptcy court held a hearing on August 9, 2012, and the following day, issued an order granting the motion (the "August 10 Contempt Order"), finding both the Debtors and Dedvukaj in contempt for "violating the Confirmation Order by directing the filing and prosecution of the TRO and preliminary injunction proceeding in State Court."  Bankr. Doc. 302 at ¶ 2.  The bankruptcy court further ordered the Debtors and their counsel to take steps to vacate the TRO and to cease prosecution and withdraw the application for preliminary injunction.  *Id.* at ¶¶ 3-4.  In addition, the Debtors and Dedvukaj were ordered to pay all costs and expenses, including attorneys' fees, incurred by GECMC in connection with defending against the TRO proceedings.  *Id.* at ¶ 5.

While Debtors' then-counsel initially attempted to comply with the August 10 Contempt Order by moving to dismiss the state court proceeding, Dedvukaj, on behalf of the Debtors, fired that lawyer and hired a new one.  *Hoti Enterprises, L.P.*, 2013 WL 1812197, at *8.  With the help of new counsel, and in direct contravention of the August 10 Contempt Order, Dedvukaj continued to prosecute the state court proceeding by filing an affidavit in reply to GECMC's opposition to the request for a preliminary injunction.  *Id.*  GECMC again went to the bankruptcy court to have the Debtors and Dedvukaj held in contempt.  Bankr. Doc. 320.  After a hearing on September 13, 2012, the bankruptcy court entered a second contempt order on September 14,

4

2012 (the "September 14 Contempt Order").  Bankr. Doc. 325.  The September 14 Contempt

Order reaffirmed the August 10 Contempt Order and further enjoined Debtors' attorneys from

taking any further action in the state court TRO proceedings.  *Id*. at ¶¶ 2, 4.

On October 16, 2012, after the City Register recorded the deed transferring the Property

to GECMC, Dedvukaj sought and obtained yet another *ex parte* TRO from the state court

enjoining GECMC from transferring the Property.  *Hoti Enterprises, L.P.*, 2013 WL 1812197, at

*8.  After a hearing, the state court granted the order on November 7, and entered an amended

order on November 14, 2012.  *Id.* at *9.  The state court order effectively expunged the recording

of the deed, restrained the City Register from recording the deed, and continued the TRO

restraining GECMC from transferring ownership of the Property.  *Id.*

As a result, GECMC was compelled to make yet a third application to the bankruptcy

court to hold Dedvukaj and the Debtors in contempt.  Bankr. Doc. 342.  On December 5, 2012,

the bankruptcy court granted the application (the "December 5 Contempt Order"), holding the

Debtors and Dedvukaj in contempt for violating, *inter alia*, the August 10 and September 14

Contempt Orders.  Bankr. Doc. 366.  The bankruptcy court further ordered the Debtors and

Dedvukaj to pay all costs and expenses, including attorneys' fees, incurred by GECMC in

connection with defending against the TRO proceedings and enforcing the prior contempt orders.

*Id* at ¶ 3.  The December 5 Contempt Order also ordered GECMC to file a statement of the

damages incurred, and provided the Debtors and Dedvukaj fourteen business days after the filing

of the statement within which to file any objections thereto.  *Id*.  Finally, the December 5

Contempt Order directed that any damages approved by the bankruptcy court "shall be paid by

the Debtors and . . . Dedvukaj, jointly and severally, to GECMC[.]"  *Id.*

Dedvukaj, proceeding *pro se* on behalf of himself and the Debtors, filed appeals from the

August 10, September 14 and December 5 Contempt Orders of the bankruptcy court (collectively, the "Contempt Orders").  The appeals were assigned to Judge Briccetti.  In his April 26, 2013 opinion, Judge Briccetti determined that Dedvukaj, a non-lawyer, could not represent the corporate entities and therefore dismissed the appeals as against the Debtors.  *Hoti Enterprises, L.P.*, 2013 WL 1812197, at *14-*16.  Judge Briccetti further dismissed the appeal of the August 10 Contempt Order for failure to prosecute, *id.* at *17, the appeal of the September 14 Contempt Order with prejudice because it was not directed at Dedvukaj individually, *id.* at *16, and the appeal of the December 5 Contempt Order on the merits, *id.* at *17.

In accordance with the December 5 Contempt Order, on December 26, 2012, GECMC filed a statement asserting that it incurred costs in the amount of $285,305.21 responding to the contumacious behavior of Dedvukaj and the Debtors.  Bankr. Doc. 370.  Counsel for the Debtors and Dedvukaj objected to the statement, Bankr. Doc. 378, and GECMC thereafter submitted a reply to the objections.  Bankr. Doc. 383.  The bankruptcy court held a hearing on April 8, 2013, and on April 15, 2013, issued the Payment Order directing the payment of $256,774.69[5] to GECMC.  Bankr. Doc. 397.  This appeal pertains only to the Payment Order.   Doc. 1.

## II.    Discussion

### A.  Standard of Review of Bankruptcy Court Judgments

This Court has jurisdiction to hear appeals from decisions of a bankruptcy court pursuant to 28 U.S.C. § 158(a), which provides in relevant part that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and,] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges."  28 U.S.C. § 158(a)(1), (3).  A district court generally reviews the findings of fact of a bankruptcy court under a "clearly erroneous" standard, *see* Fed. R. Bankr. P. 8013, but

[5] This amount represents a 10% reduction from the damages requested by GECMC.  Bankr. Doc. 397 at 2 n.1.

conclusions of law are reviewed *de novo*.  *See, e.g., Shugrue v. Air Line Pilots Assoc., Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 988-89 (2d Cir. 1990); *Nova v. Premier Operations, Ltd. (In re Premier Operations),* 294 B.R. 213, 217 (S.D.N.Y. 2003).

### B. The Bankruptcy Court's Findings in the Payment Order were not Clearly Erroneous

Notwithstanding that Dedvukaj appeals only from the Payment Order, he devotes almost the entirety of the argument in his opening brief to a rehashing of the issues relating to the Cash Collateral Order, the Confirmation Order and the orders denying reconsideration of the same. Dedvukaj's Br. in Support (Doc. 11) at 10-17.  However, those issues are not before the Court and, indeed, have already been fully litigated on appeal.  For example, while the Debtors did not appeal the Cash Collateral Order, they did appeal the bankruptcy court's order denying their motion for relief from the Cash Collateral Order, Bankr. Doc. 210, which was affirmed by the Honorable Cathy Seibel of this Court.  *See Hoti Enterprises, L.P. and Hoti Realty Management Co., Inc. v. GECMC 2007 C-1 Burnett Street, LLC*, No. 12 Civ. 5341 (CS), 2012 WL 6720378 (S.D.N.Y. Dec. 27, 2012).  The Second Circuit, upon appeal by the Debtors, affirmed Judge Seibel's order.  *See Hoti Enterprises, L.P. and Hoti Realty Management Co., Inc. v. GECMC 2007 C-1 Burnett Street, LLC*, No. 13-0289-bk, 2014 WL 43707 (2d Cir. Jan. 7, 2014) (Summary Order).

Similarly, the Debtors and Dedvukaj appealed the Confirmation Order, and a subsequent order of the bankruptcy court denying a motion for reconsideration of the Confirmation Order. Bankr. Doc. 276.  These appeals were assigned to Judge Briccetti, who affirmed the orders of the bankruptcy court in the same opinion cited above in which he dismissed the appeals of the Contempt Orders.  *See Hoti Enterprises, L.P.,* 2013 WL 1812197, at *13.  On March 25, 2014, the Second Circuit in turn affirmed Judge Briccetti's affirmance of the Confirmation Order.  *See*

*Hoti Enterprises, L.P., and Hoti Realty Management Co., Inc. v. GECMC 2007 C-1 Burnett Street, LLC*, 13-2074-bk (2d Cir. Mar. 25, 2014) (Summary Order), attached hereto and made a part hereof as Exhibit 1.  Accordingly, those determinations are law of the case and will not be revisited here.

The only argument Dedvukaj advances that *arguably* relates to the Payment Order concerns a stipulation of dismissal between the parties in a matter pending in New York State Supreme Court, Appellate Division, Second Department.   Doc. 11, Ex. B.   The stipulation provides that the parties agree to dismiss that particular action and that each party "will bear its own costs and expenses."  *Id.*  As GECMC points out, however, that stipulation was rejected by the Appellate Division and relates to lawyers and legal costs that are not covered by the Payment Order.  Appellee's Br. Opp. (Doc. 12) at 18-19.  Dedvukaj does not address GECMC's response in his reply and is therefore deemed to have abandoned this argument.  *See, e.g., Hanig v. Yorktown Cent. Sch. Dist*., 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) ("[B]ecause plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed."); *Dineen ex rel.  Dineen v. Stramka*, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002) ("We note at the outset that plaintiff does not address these claims in its opposition papers, enabling the Court to conclude that it has abandoned them.") (citing, *inter alia, Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 (S.D.N.Y. 1997) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue."), *aff'd*, 130 F.3d 1101 (2d Cir. 1997))).

The balance of Dedvukaj's reply fares no better.   Though not a model of clarity, Dedvukaj argues, in essence, that the Contempt Orders punished him for actions that were taken by the state court judge *sua sponte*.  *See* Dedvukaj's Reply Br. (Doc. 15).  As a preliminary matter, the Court notes that Dedvukaj did not advance this argument in his opening brief and it is

well-established that a party cannot assert an argument for the first time in a reply brief.  *See, e.g., Evangelista v. Ashcroft*, 359 F.3d 145, 155 n.4 (2d Cir. 2004) ("'[W]e will not consider an argument raised for the first time in a reply brief.'") (quoting *United States v. Yousef*, 327 F.3d 56, 115 (2d Cir. 2003)).  Thus, the Court need not consider the merits of this assertion.  The argument also fails on the merits, however, as the record is clear that the bankruptcy court based the Contempt Orders on specific findings of contumacious conduct by *Dedvukaj* personally.

For example, the Confirmation Order clearly enjoined Dedvukaj and the Debtors from taking any actions to interfere with the transfer of the Property to GECMC.  Bankr. Doc. 243 at ¶ 22.  Yet, the very day after the bankruptcy court denied the motion for reconsideration of the Confirmation Order, Dedvukaj submitted an affidavit in support of an application for the *ex parte* TRO from the state court enjoining the City Register from recording the deed to the Property.  Bankr. Doc. 288, Ex. C.  In entering the August 10 Contempt Order, the bankruptcy court specifically found Dedvukaj in contempt for "violating the Confirmation Order by directing the filing and prosecution of the TRO[.]"  Bankr. Doc. 302 at ¶ 2.

Further, in flagrant violation of the August 10 Contempt Order directing Dedvukaj and the Debtors to withdraw the application for preliminary injunction, Dedvukaj fired the Debtors' lawyer who was seeking to comply with the bankruptcy court's directive and, with the help of new counsel, continued to prosecute the state court proceeding by filing another affidavit in support of the request for a preliminary injunction.  *Hoti Enterprises, L.P.*, 2013 WL 1812197, at *8.  This conduct—by Dedvukaj personally—was the basis of the September 14 Contempt Order.

Finally, on October 16, 2012, after the City Register recorded the deed transferring the Property to GECMC, it was *Dedvukaj* who sought and obtained another *ex parte* TRO from the

state court enjoining GECMC from transferring the Property.  *Id.*  Simply stated, Dedvukaj cannot blame the state court judge for his sorry record of failing to comply with the orders of the bankruptcy court, and he was properly held in contempt on the basis of his own conduct.

In any event, the Contempt Orders are law of the case and attacking them collaterally can therefore provide Dedvukaj no basis for relief from the Payment Order.  Accordingly, because Dedvukaj has proffered no argument that the bankruptcy court's calculation of the costs incurred by GECMC was clearly erroneous, and because the Court, having independently examined the record below, finds no error, the Payment Order is AFFFIRMED.

## III.    Conclusion

For the reasons set forth above, the April 15, 2013 Order of the bankruptcy court is AFFIRMED.  The Clerk of the Court is respectfully directed to docket this decision and close the case.

It is SO ORDERED.

Dated:    March 26, 2014
          New York, New York

Edgardo Ramos, U.S.D.J.

# Exhibit 1

13-2074-bk
*In Re: Hoti Enterprises, L.P.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March , two thousand fourteen.

PRESENT:   RICHARD C. WESLEY,
           DEBRA ANN LIVINGSTON,
           RAYMOND J. LOHIER, Jr.,
               *Circuit Judges.*

---

IN RE: HOTI ENTERPRISES L.P.

---

HOTI ENTERPRISES, L.P., HOTI REALTY MANAGEMENT CO., INC.,

   *Debtors - Appellants,*


   -v.-                                         No. 13-2074-bk

GECMC 2007-C1 BURNETT STREET, LLC,

   *Creditor – Appellee.*

| | |
|---|---|
| FOR APPELLANTS: | Mark Frankel, Backenroth Frankel & Krinsky LLP, New York, NY. |
| FOR APPELLEE: | George B. South, III, Daniel G. Egan, DLA Piper LLP, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Debtors-Appellants Hoti Enterprises and Hoti Realty Management appeal the judgment of the district court affirming the bankruptcy court's confirmation of its Chapter 11 plan.  Appellants primarily argue that the bankruptcy court should have given preclusive effect to an earlier state court judgment.  We agree with the district court and the bankruptcy court that the state court judgment did not preclude confirmation of the plan.[1]

---

[1] Indeed, the state court judgment on which Hoti presses its *res judicata* argument was reversed at the Appellate Division. *GECMC 2007-C1 Burnett St., LLC v. Hoti Enters., L.P.*, __N.Y.S.2d __, 2014 WL 840400 (2d Dep't Mar. 5, 2014).

2

For the foregoing reasons, the judgment of the district court is **AFFIRMED** with costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk